(41 Misc. Rep. 313.)

## NELLIS v. ROWLES et al.

(Supreme Court, Special Term, Fulton County. August, 1903.)

1. PLEADING—ANSWER—OBJECTIONS TO COMPLAINT.

Objections to the sufficiency of an amended complaint, taken under Code Civ. Proc. § 498, by answer, are subject to demurrer.

2. SAME.

Under Code Civ. Proc. §§ 488, 499, the facts supporting objections to the sufficiency of an amended complaint, and the particular grounds of each objection, must be specified.

3. SAME—OBJECTIONS TO SUMMONS.

An objection to the form or sufficiency of a summons cannot be taken by answer.

¶ 3. See Process, vol. 40, Cent. Dig. § 210.

Action by Elizabeth Nellis against Agnes Rowles and others. Demurrer to amended answer. Sustained.

M. D. Murray (A. J. Nellis, of counsel), for plaintiff.
Keck & Rogers, for defendant Rowles.

SPENCER, J. The defendant Rowles was brought into this action by supplemental summons. She appeared and answered. Subsequently the plaintiff served an amended complaint, to which the defendant has made what she designates as an amended answer. The plaintiff having demurred thereto, the issue raised by such demurrer is here for trial.

Defendant's counsel contend that the amended answer consists solely of objections taken to the sufficiency of the amended complaint under section 498 of the Code of Civil Procedure, and is not subject to demurrer (section 494), but that, if plaintiff deems them insufficient, her remedy is by motion for judgment (section 537), or to strike out (section 538). I cannot see my way clear to support this construction of the Code provisions. If the paper served must be regarded as an answer in the case, and defendant so contends, it must consist either of a denial, a counterclaim, or a defense. Code Civ. Proc. § 500. A defense may be any new matter that constitutes a reason why the plaintiff should not maintain the action, or which will tend to mitigate or reduce the amount of his damages. Id. § 508. I think, therefore, that an objection taken under section 498 must be regarded as a defense. The facts supporting such an objection must be demurred to by the defendant in case they appear upon the face of the complaint, or any objection as to their sufficiency is waived (Id. §§ 488, 499); and I see no reason why the same remedy, viz., demurrer, should not be applicable in case such facts are set up as an objection in the answer. In both instances they would be tested in the same manner, viz., by section 488. There does not, however, seem to be any provision to this effect in the Code as to objections taken by answer. Nevertheless, I think it is the system of pleading intended by the sections bearing generally upon the subject.

The demurrer therefore brings up the question as to the sufficiency of the facts alleged in the amended answer. They are as follows: (1) That the supplemental summons was not so designated on its face; (2) that the supplemental summons contained the names of the original defendant, as well as those brought in; and (3) that the original complaint contained defendant's name as a party to the action.

I am of the opinion that objections taken by answer under section 498 should not only specify the facts, but also the particular grounds of the objection, as required by section 490; and this each of these objections fails to do, and should be held insufficient for that reason. Furthermore, I know of no practice authorizing objection by answer to the form or sufficiency of the summons, and the objection so taken is of no avail. The presence of the defendant's name in the original complaint is inconsequential, as that pleading has been superseded by the amended complaint. I am of the opinion that the amended

answer demurred to is insufficient in law. It raises no issue in respect to the cause of action alleged in the amended complaint, and contains no objection authorized by section 498, within the provisions of section 488. The demurrer is, therefore, sustained, with costs, with permission for defendant to plead over within 20 days upon payment of costs.

Ordered accordingly.